(133 So. 716)

**RUFF v. HANSON.**

6 Div. 838.

Supreme Court of Alabama.

March 19, 1931.

Rehearing Denied April 23, 1931.

Wilkinson & Burton and Frank A. Wilkinson, all of Birmingham, for appellant.

Fort, Beddow & Ray and G. Ernest Jones, all of Birmingham, for appellee.

BOULDIN, J.

The common-law innkeeper's lien is the right to retain the personal baggage of the guest until his bill is paid. Hickman v. Thomas, 16 Ala. 666; 27 C. J. 340.

Code, § 8933, declares a lien in favor of "keepers of hotels, inns, boarding houses, and restaurants."

One purpose is to extend like protection to keepers of boarding houses, etc. Semple School for Girls v. Yielding, 16 Ala. App. 584, 80 So. 158.

The distinction between inns or hotels and boarding houses is defined in Birmingham Railway, Light & Power Co. v. Drennen, 175 Ala. 338, 355, 57 So. 876, Ann. Cas. 1914C, 1037, and cases there cited.

The point of contention in the present case is whether this statutory lien carries the common-law right of retention.

Manifestly the same incidents and remedies afforded hotel and inn keepers are extended to keepers of boarding houses.

Code, § 8934, provides a statutory method of enforcing such lien, by advertisement and sale. Among the items to which proceeds of sale may be applied are the "charges for and expense of keeping such goods and baggage."

This section contemplates that the lienor shall have possession. Otherwise the remedy is impractical.

We are of opinion "lien" in this statute is used in the common-law sense, carries a

right of retention. To hold otherwise would involve one of two results: (1) It would deprive hotel and inn keepers of the right of retention, the most important and effective incident for their protection; or (2) the lien of boarding house keepers is not the same as that of innkeepers. The statute does not warrant such view. The statute recognizes and re-enacts the common-law lien, with extensions and enforcement provisions.

Appellant relies upon the second clause of section 8933, declaring the lienholder "may enforce the same by a seizure and sale of such goods and baggage in the manner provided by law."

The effect of this provision is not entirely clear. At common law the voluntary surrender of the goods defeated the lien; but a seizure in detinue or replevin was available to restore a possession wrongfully taken from the lienor. 37 C. J. 340.

Whether the above statute means to limit seizure to such cases, or whether it means to keep the lien alive after the lienor has willingly parted with possession, is not involved in this case, and is not decided. We do think the quoted provision deals with seizure and sale under legal process, where the goods have passed out of the lienor's possession. We do not concur in the view that the lienor must surrender possession while the board bill remains unpaid, then resort to legal process to seize and enforce the lien.

Sections 8933, 8934, 8935, all appeared first in the Code of 1907 (sections 4827–4829). Section 8934 was amended as to remedial features by Acts 1915, p. 265. Section 8935 is quite plenary in declaring remedies for the enforcement of all liens. The three sections are to be construed together.

Without dispute, plaintiff owed defendant a board bill, which had not been paid nor tendered when the present suit in detinue was begun. Judgment properly went for defendant. No ruling of the court on the amount of the board bill is presented for review.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.